[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff from the assessment of damages in the amount of $130,000 deposited by the defendant with the clerk of the court for the talking by eminent domain on September 28, 1990, of its property at 215 Cottage Grove Road, consisting of land and a building thereon, in the Town of Bloomfield. This was a total taking for the layout, alteration, extension, widening, change of grade and improvement of the highway known as Route 218.
The deed conveying the property to the plaintiff from the Town of Bloomfield contained a reverter clause whereby the property would revert to town ownership if the current use as a fire station were terminated. The "Notice of Condemnation and assessment of Damages," was, therefore, addressed to the plaintiff and the "Town of Bloomfield (Reverter)." Together with the service transfer invoice in the amount of $130,000, this was afiled (No. 2535) with the clerk of the court on September 28, 1990. As directed by the defendant, copies of the notice were forwarded by the clerk of the court to the "named owner and encumbrancer as listed in said Notice" The town, however, failed to appeal from the assessment of damages, or to intervene in this proceeding, which was commenced on December 21, 1990, and was returned to court on January 11, 1991.
On November 15, 1990, counsel filed an appearance for "defendant Town of Bloomfield" in "Docket No. CV90-02535, State of Connecticut, Dept. of Transportation vs. Blue Hills Fire District et al.", being an appearance in behalf of the town with respect to the deposit on file. To date no claim has been made for the sum of $130,000 held by the court clerk as the damages assessed by the defendant in this taking. Entitlement to that deposit, however, is not in issue on the appeal from its amount in this proceeding.
As recited therein, the appearance of counsel for the Town of Bloomfield was made in the clerk's deposit file. Therefore, it was properly not entered or coded in the appeal later taken by the plaintiff from the CT Page 6973 defendant's assessment. Subsequent to the plaintiff's appeal, however, the earlier appearance of the town's counsel in the deposit file was misfiled with the appeal pleadings. That appearance has no relevancy in this proceeding, and to preclude further confusion in this matter is suo motu stricken from the file.
Counsel for the Town of Bloomfield voluntarily appeared at the hearing, of this appeal and at the property viewing, but was not allowed to participate in the taking of evidence from the witnesses for the plaintiff and defendant. Nor did counsel offer any evidence on behalf of the Town of Bloomfield. Since the town did not take an appeal or move to intervene in the plaintiff's appeal, the town had no standing, in this proceeding and its counsel could only audit the public hearing.
The subject property is situated on the southerly side of Cottage Grove Road, Route 218, and bounded: Northerly by Cottage Grove Road, 100.02 feet; Easterly by land n/o/f/o the Town of Bloomfield, 95.49 feet; Southerly by land n/o/f/o Clarence H. Rippy et al., 100.00 feet; and Westerly by Charter Avenue, 93.29 feet.
Said parcel contains 0.22 of an acre, more or less, together with all buildings and appurtenances, all of which more particularly appear on a map on file in the offices of the Connecticut Department of Transportation entitled: "Town of Bloomfield, Map Showing Land acquired From Blue Hills Fire District by The State of Connecticut, Reconstruction of Conn. Route 218, Scale 1" = 40', Sept. 1989, Robert Gubala, Chief Engineer Highways, Connecticut Department of Transportation File No. 11-136-3."
The condemned property consists of 9439 square feet of land with a frontage of 100.02 feet on the southerly side of Cottage Grove Road and a frontage of 93.29 feet on the easterly side of Charter avenue. The improvements consist of a one-story brick fire station, 1776 square feet in size, containing two bays, an office, recreation room and bathroom, and a full-width driveway with storm sewer. The land is at street grade and level, and appears to be well drained. All utilities are available to the site. The firehouse was built in 1951 and is in good condition, reflecting continued maintenance. The site is well lighted by street lights and flood lights attached to the building. A lighted flag pole is attached to the front exterior of the building.
Although this property is located in a R-10 Residential zone, it is one block east of extensive commercial and business areas. One block to the west is Granby Street, which is fully developed on both sides of the street with fast food restaurants and other commercial, business and industrial enterprises. From Granby Street west, Cottage Grove Road is fully developed for the remainder of its length of about two and three-quarters miles with numerous commercial and business establishments.
Route 218, or Cottage Grove Road, in this vicinity is a two lane bituminous concrete highway with all improvements, such as storm sewers, CT Page 6974 curbing and street lights. Other portions of the highway have been widened to four lanes, some with a center median. The road is a major east-west artery between Interstate 91, two miles easterly, and major businesses such as the Copaco Shopping Center and Cigna Corporation to the west.
All appraisers agree, and the court so finds, that the highest and best use of the subject property is as currently improved for a fire station. The improvements are legally permitted in the R-10 Residential Zone.
The respective appraisers for the plaintiff and the defendant utilized the same methodology in their approach to fair market value of the subject property. The value of the lot was estimated by comparable sales. Based on his comparables, the plaintiff's appraiser estimated the land value at. $10.00 per square foot for a total valuation of $94,000. Using other comparables, the defendant's appraiser calculated the gross value of the lot at $40,000.
The site improvements were valued by both appraisers on a cost basis, that of the plaintiff being $9000, and that of the defendant being $10,182. Both appraisers used the Marshall Valuation Service segregated cost method in the valuation of the building. The plaintiff's appraiser computed the depreciated replacement cost of the structure to be $115,000. The defendant's appraiser found that cost to be $81,496. Based on their individual appraisals, the plaintiff's expert testified that the damages resulting from the taking were $218,000. The defendant's appraiser, on the other hand, found the damages to total $130,000, the amount assessed by the defendant.
It is the duty of this court to make an independent determination of value and fair compensation for property taken in the light of all circumstances, the evidence, the opinions of the expert witnesses, his knowledge of the elements that establish value, and a viewing of the premises. Minicucci v. Commissioner of Transportation, 211 Conn. 383, 388
(1989). In the execution of this duty, I find that the value of the plaintiff's property taken by the defendant is as follows:
 Land . . . . . . . . . . . . . . . . . . . . $75,512 Site improvements . . . . . . . . . . . . . . 10,182 Building . . . . . . . . . . . . . . . . . . 98,959 -------
Total damages . . . . . . . . . . . . . $184,653, say $184,500.
Judgment may enter for the plaintiff in the amount of $184,500, less $130,000 already paid and on deposit with the clerk of the court, or an excess of $54,500, with interest on such excess from the date of taking to the date of payment to the plaintiff, the Town of Bloomfield not being entitled to claim any portion of such excess for its failure to appeal from the defendant's assessment or to intervene in this proceeding,[1]
CT Page 6975 together with costs. There is no appraisal fee allowed in this judgment, the plaintiff's appraiser having waived his fee for appraisal services in this matter.
WILLIAM C. BIELUCH STATE TRIAL REFEREE